

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00536-CV

———————————————————

JERALD H. MILLER JR., Appellant

V.

TARRANT COUNTY APPRAISAL DISTRICT, TARRANT COUNTY REVIEW
BOARD, TARRANT COUNTY, THE CITY OF FORT WORTH, AND TARRANT
COUNTY TAX ASSESSOR COLLECTOR, Appellees

---

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-329967-21

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Jerald H. Miller Jr. attempts to appeal from the trial court's order denying his "motion to join [a] necessary party defendant." [Capitalization altered.] But our appellate jurisdiction is limited to appeals from (1) final judgments and (2) interlocutory orders for which the legislature has authorized immediate appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court's order is neither. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing interlocutory orders for which immediate appeal is authorized); *Kohler v. Pursley*, No. 14-95-1364-CV, 1995 WL 755662, at *1 (Tex. App.—Houston [14th Dist.] Dec. 21, 1995, no writ) (per curiam) (not designated for publication) (holding that "[a]n order denying a motion to add defendants is an interlocutory order"); *see AKMK Props., LLC v. Tarrant Appraisal Dist.*, No. 02-20-00329-CV, 2020 WL 7393733, at *1 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (per curiam) (mem. op.) (holding that order on motions for leave to amend pleadings was not final judgment or immediately appealable interlocutory order).

We notified Miller of this jurisdictional issue, and we warned him that we could dismiss his appeal unless he showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Miller responded by arguing the merits of his appeal and by claiming that his complaints fall within this court's appellate jurisdiction to, in his words, "correct abuses of discretion, legal error, and due-process violations." But even

assuming his complaints have merit, our appellate jurisdiction to "correct abuses of discretion, legal error, and due-process violations" is limited to appeals from (1) final judgments and (2) interlocutory orders for which the legislature has authorized immediate appeal. *See Rush Truck Ctrs. of Tex.*, 718 S.W.3d at 237; *Lehmann*, 39 S.W.3d at 195.

Accordingly, we dismiss Miller's attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *AKMK Props.*, 2020 WL 7393733, at *1 (dismissing attempted appeal from order on motions to amend pleadings); *Kohler*, 1995 WL 755662, at *1 (dismissing attempted appeal from order denying motion to add defendants).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: December 11, 2025